Dawson v. Sugg

For the reasons stated, the order appealed from is

Affirmed.

Judges HEDRICK and CLARK concur.

C. A. DAWSON AND CHARLES DAWSON v. RUBY HARPER SUGG AND HUSBAND, GUY SUGG, AND HAROLD MITCHELL

No. 768DC792

(Filed 6 April 1977)

Trespass § 6— value of cut timber — boundary question — right to raise waived

In an action to recover the value of growing timber allegedly cut and removed from plaintiffs' lands by defendants, defendants waived their right to have the jury consider evidence with respect to the boundary line between lands of plaintiffs and lands of defendants, since the trial court's order adopting the report of a surveyor and establishing the true boundary line was not excepted to or appealed from by defendants; defendants stipulated the provisions of that order in the "Order on Pretrial Conference"; and at the pretrial conference defendants did not contend that they were entitled to an issue on the question of boundary location and the court submitted issues as contended by defendants.

APPEAL by defendants from *Exum, Judge.* Judgment entered 30 April 1976 in District Court, GREENE County. Heard in the Court of Appeals 10 March 1977.

Plaintiffs instituted this action on 1 November 1973 to recover the value of growing timber allegedly cut and removed from their lands by defendants. In their complaint they alleged the value of timber to be $1,065 and asked the court to render judgment for double that amount as authorized by G.S. 1-539.1.

Defendants filed answer denying all allegations of the complaint.

On 14 May 1974 the court appointed McDavid Associates, Engineers, "to locate the boundary lines between the parties, to mark the same on the ground, map the same and file a copy with the court and with the plaintiffs and defendants."

On 14 August 1974 Albert V. Lewis, Jr., of said engineering firm, filed a report setting forth that he had been upon the lands in question, located the boundary lines between the respective lands of the parties, marked the same on the ground, and prepared and filed a map with the court. In the report Lewis stated that the area in question contained approximately 4.8 acres, that it belonged to plaintiffs and that the true boundary line between lands of plaintiffs and lands of defendants was "Old Nahunta." (The map shows Old Nahunta to be a branch or small stream running from the New Nahunta Canal northerly and easterly to Contentnea Creek.)

On 4 November 1974 defendants excepted to the map filed by Lewis on the ground that it "does not conform to the description of the plaintiffs' land as contained in" their recorded deeds.

On 16 September 1975 plaintiffs, pursuant to Rule 53 (d) of the Rules of Civil Procedure, moved for adoption of the report of the court appointed surveyor. Following a hearing on the motion, the court, on 30 September 1975, entered an order containing the following:

> " . . . that the report of the court appointed surveyor previously entered herein is hereby adopted and the boundary line between the plaintiffs, C. A. Dawson and Charles Dawson, and the defendants, Ruby Harper Sugg and husband, Guy Sugg, be and the same is hereby adopted and the true boundary line between said parties is hereby established as the run of 'Old Nahunta' as shown on the map filed as a part of said report. It is further ordered that the trial of the issue of damages sustained by the plaintiffs as a result of the cutting and removal of timber within said area shall be submitted to the jury."

(There was no exception noted to, or appeal taken from, said order.)

On 5 April 1976 an "ORDER ON PRETRIAL CONFERENCE" was entered. This order contains stipulations that plaintiffs are the owners of the land described in the complaint; that defendants Sugg are the owners of Tract (e) as shown on a map of the Harper division recorded in Book 202, Page 590, Greene County Registry; that defendant Mitchell is a logging contractor and was employed by defendants Sugg to cut timber; that McDavid Associates, Engineers, had been appointed for purpose of locat-

ing the boundary line between the parties, marked the same on
the ground, and filed a report and map with the court and
provided copies thereof to the parties; that, pursuant to motion
by plaintiffs for adoption of said report and a hearing on the
motion, the court had entered an order adopting the report of
the surveyor "establishing the line between the parties" and
ordering a trial of the issue of damages sustained by plaintiffs.

The pretrial order also contains the following:

"12. The defendants contend that the contested issues
to be tried by the jury are as follows:

"1. Did defendants or either of them cut and remove
timber from the lands of the plaintiffs as alleged in the
Complaint?

"2. If so, what was the value of the timber so cut
and removed?"

Prior to the introduction of evidence at trial, the court
ruled that any question of fact regarding the boundary line be-
tween the lands of plaintiffs and the lands of defendants had
been settled and was not a matter for decision by the jury.
(Defendants excepted to this ruling.)

Without objection plaintiffs' counsel read to the jury the
14 May 1974 order of the court appointing surveyors, the re-
port of Surveyor Lewis, and the 30 September 1975 order adopt-
ing the report of the surveyor.

As a witness for plaintiffs, Surveyor Lewis testified in
pertinent part: The deeds of plaintiffs and the deeds of defend-
ants Sugg called for the run of Old Nahunta as their common
boundary. " . . . Since both descriptions call for the run of the
Old Nahunta, it was a matter of going on the ground to
actually define where the Old Nahunta was. There has been a
new canal cut in; and the meandering of the Old Nahunta has
been eliminated. . . . " The plaintiffs' deeds called for 16 acres
but his survey located only 14 acres. The area in question from
which the timber was cut consists of 4.8 acres and is located
between Old Nahunta and the New Nahunta Canal.

Plaintiff C. A. Dawson testified that he thinks it was in
1971 when he first learned that timber was being cut on the
4.8 acres in question; that he went on the land and found de-

fendant Mitchell's logging crew cutting his timber; and that he had not authorized them to cut any timber.

A consultant forester testified that he inspected the land in question and the stumps from which 79 trees had been cut; that he estimated the trees would yield 13,800 board feet; that, in his opinion, the value of the trees as standing timber was $1,035.

At the close of plaintiffs' evidence, defendant Sugg moved for judgment "under Rule 50." The motion was denied.

Defendant Mitchell testified as a witness for defendants and his testimony is summarized in pertinent part as follows: In 1971 he was in the "logging timber and pulpwood business." He bought some timber from defendants Sugg "on the basis of per thousand feet." They told him where to cut the timber and he did so, on an area containing approximately 25 acres. Plaintiff Charles Dawson approached him about cutting over the line and at that time he had cut some timber beyond the line pointed out to him.

On cross-examination defendant Mitchell testified in pertinent part: He contracted with defendants Sugg to "do the logging operation." He cut some timber on the 4.8 acres in question and paid defendants Sugg for the timber cut and removed from that area. One of the plaintiffs called him about the timber and demanded $750 by the next morning. He withheld paying defendants Sugg that amount for a few days and then talked with them about it. Mr. Sugg told him that the land was theirs; he then paid defendants Sugg the money and he thinks Mrs. Sugg wrote him a receipt "saying all payment had been received."

Defendants then rested and renewed "the Motion under Rule 50." The motion was denied.

Issues were submitted to and answered by the jury as follows:

"1. Did defendants, or either of them, cut and remove timber from the lands of the plaintiffs as alleged in the complaint?

Answer: Yes

"2. If so, what was the value of the timber so cut and removed?

Answer: $500.00"

Pursuant to G.S. 1-539.1 the court entered judgment on the verdict in favor of plaintiffs for $1,000 plus costs. Defendants appealed.

*Bridgers & Horton, by Marvin V. Horton, for plaintiff appellees.*

*Turner and Harrison, by Fred W. Harrison for defendant appellants.*

BRITT, Judge.

By their first assignment of error, defendants contend the court erred in signing and entering the judgment. The only question this assignment presents in this case is whether the judgment is supported by the verdict. Rule 10(a), Rules of Appellate Procedure, 287 N.C. 671, 699 (1975). We hold that the judgment is supported by the verdict, therefore, the assignment is overruled.

By their second assignment of error defendants contend the court erred by refusing to allow the jury to consider evidence with respect to the boundary line between lands of plaintiffs and lands of defendants Sugg. We find no merit in this assignment.

Had defendants properly followed through on the denials set forth in their answer, they would have been entitled to present evidence with regard to, and have the jury pass upon, the location of the boundary line. But we think defendants waived that right.

While we do not pass upon the propriety of plaintiffs moving under G.S. 1A-1, Rule 53, the fact remains that the trial court's order of 30 September 1975 adopting the report of the surveyor and establishing the true boundary line became a valid and binding order when it was not challenged by defendants. They did not except to or appeal from the order. Furthermore, they stipulated the provisions of the order in the "ORDER ON PRETRIAL CONFERENCE." In addition to that, at the pretrial conference they did not contend that they were entitled to an

Trust Co. v. Broadcasting Corp.

issue on the question of boundary location and the court submitted issues as contended by defendants.

We hold that defendants waived the rights they now attempt to claim under their second assignment.

By their third assignment of error, defendants contend the court erred in denying their "Rule 50" motion made at the close of the evidence. This assignment has no merit.

We do not pass upon the propriety of the form of defendants' motion, only their argument that the evidence was not sufficient to show that defendants Sugg knew of or condoned any wrongful act committed by defendant Mitchell. Pertinent evidence on this point is set forth above and no worthwhile purpose would be served in restating it here. It suffices to say that we think the evidence of liability on the part of defendants Sugg was sufficient to go to the jury.

Finally, by their fourth assignment of error, defendants contend the trial court erred in its charge to the jury in that it failed to explain the law as required by G.S. 1A-1, Rule 51. We have carefully considered this assignment and find it also to be without merit.

No error.

Judges HEDRICK and CLARK concur.